## Kauffman *against* Myer.

A submission " of all manner of actions, cause and causes of action, and suits in law or equity, bills, bonds, specialties, sum and sums of money, quarrels, conditions, debates, differences, dues, controversies, trespasses, damages, and demands whatsoever, at any time had," is sufficiently extensive in its meaning to embrace judgments and executions.

ERROR to *Lebanon* county.

Christiana Myer, administratrix of Daniel Myer, against Christian Kauffman. This was an action of debt on an arbitration bond, the condition of which was as follows:

" The condition of this obligation is such that if the above bounden Christian Kauffman, his heirs, executors, and administrators, for his or their part and behalf, shall and do in all things well and truly stand to, obey, perform, fulfil, observe, and keep the award, order, and arbitrament, final end, and determination of Andrew Alexander, Thomas Wenrich, and Abraham Philips, or any two of them, arbitrators indifferently elected, named, and chosen, as well on the part and behalf of the above bounden Christian Kauffman, as of the above named Christiana Myer, to arbitrate, order, judge, and determine of, for, or upon and concerning a certain action or suit, depending in the common pleas of Dauphin county, respecting a certain replevin, and also of and concerning all and all manner of action and actions, cause and causes of action and suits in law or equity, bills, bonds, specialties, sum and sums of money, quarrels, conditions, debates, differences, dues, controversies, trespasses, damages, and demands whatsoever, at any time or times heretofore, had, made, moved, brought, commenced, sued, prosecuted, done, suffered, committed, or depending by or between the said parties, for or by reason of any other matter, cause or thing whatsoever, from the beginning of the world to the day of the date hereof, so as the said award, arbitrament or order, judgment, final end, and determination of the said arbitrators or any two of them, of and upon the premises or any part thereof, be made and given up in writing under their hands and seals, ready to be delivered to the said parties, on or before the 2d day of October next ensuing the date hereof, or of the above obligation, then this obligation to be void, or else to be and remain in full force and virtue."

The plaintiff, after reading the bond, gave in evidence the following award made in pursuance of it.

" September 30th, 1819, referees or arbitrators met and parties present: whereas, divers controversies and debates have been and yet are depending betwen Christiana Myer, administratrix of

[Kauffman v. Myer.]

Daniel Myer, deceased, for the arbitrating and determining whereof, the said parties have submitted themselves and are become bound, each unto the other, by their several obligations, bearing date the 24th day of September 1819, with conditions there under written, for the performance of the award, arbitrament, determination, and judgments,' of us the said Andrew Alexander, Thomas Wenrich, and Abraham Philips, arbitrators, amicably chosen on behalf of the said parties, to award, arbitrate, determine, and judge of and concerning all and all manner of actions, suits, judgments, executions, accounts, quarrels, controversies, trespasses, damages, and demands whatsoever, had, made, moved, commenced or depending between the said Christiana Myer and Christian Kauffman, so as the said award, determination, and judgment of the said Andrew Alexander, Thomas Wenrich, and Abraham Philips, of and concerning the premises, be made and put in writing under our hands and seals or a majority of us, on or before the 2d day of October next ensuing, as by the said obligations and conditions thereof doth appear.   Now know ye, that we, the said Andrew Alexander, Thomas Wenrich, and Abraham Philips, arbitrators as aforesaid, taking upon us the charge and burden of the said award and arbitrament; and having heard and understood the sayings and allegations of both the parties concerning the premises, and being minded to settle amity and friendship between—this our award, arbitration, and judgment between, the said parties for and concerning the premises, in manner and form following, that is to say: Do award, arbitrate, and determine by these presents, that the said Christian Kauffman, his heirs, executors, or administrators, do and shall pay and cause to be paid unto the said Christiana Myer, the sum of 111 dollars, and all costs; upon payment thereof, each of them the said Christiana Myer and Christian Kauffman, shall seal and deliver and subscribe, and as his several act and deed deliver unto the other of them, a general release in writing, of all matters, actions, suits, cause and causes of actions, bonds, bills, covenants, controversies, and demands whatsoever, either of them hath, may, might, or in any wise ought to have against, or means of any matter, cause, or thing whatsoever, from the beginning of the world unto the day of the date of these presents, and the said obligations, and for the better attestation and confirmation of this award, the aforesaid arbitrators or the subscribers have hereunto set their hands and seals, the 30th day of September 1819."

This award was signed by two of the arbitrators.

The defendant then offered in evidence a judgment of the same plaintiff against the same defendant, to May term 1815, obtained on the 3d of April 1816, for 116 dollars 97 cents, upon which a *fieri facias* issued to April term 1816, and 87 dollars collected.   A *testatum fieri facias* to August term 1825, to Lebanon county, and the balance of the debt and interest was collected upon it.

This evidence was first offered for the purpose of showing payment of the award, and that the plaintiff had not performed the covenant on her part, as contained in the arbitration bond. The evidence was objected to by plaintiff and rejected by the court.

The defendant then offered the same evidence, accompanied by proof, that the defendant's property was levied on under the *testatum fieri facias,* by which he was put to great inconvenience, costs, and expenses, and sustained damage; and this for the purpose of defalcation. The evidence was objected to by the plaintiff and rejected by the court. Verdict and judgment for plaintiff for 225 dollars 4 cents.

*Weidman,* for plaintiff in error.
*M'Clure,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The arbitration bond submits a certain action of replevin depending in the court of common pleas of Dauphin county, and also all and all manner of action and actions, cause and causes of action, and *suits in law or equity,* bills, bonds, specialties, *sum and sums of money,* quarrels, conditions, debates, *differences, dues,* controversies, trespasses, damages and *demands whatsoever,* at any time had, &c. These words are large enough to embrace judgments and executions. The word demand is the largest word in the law except claim; and a release of demands discharges all sorts of actions, rights, titles, conditions, before or after breach, rents of all kinds, covenants, annuities, contracts, recognizances, statutes, commons, &c. 5 *Bac. Abr.* 707; *Co. Lit.* 291. By a release of all demands, all manner of executions are gone. *Lit., sect.* 508; 2 *Roll's Abr.* 407. So by a release of all suits. *Co. Lit.* 291; 5 *Bac. Abr.* 710. If the submission be "of all causes of action, suits, debts, reckonings, accounts, sums of money, claims and demands," an award "to release all bonds, specialties, judgments, executions, and extents," is within the submission. 2 *Saund.* 190; *Kyd on Aw.* 145.

If, then, by the submission, the arbitrators had power to determine on judgments and executions, it is plain they did so; because in their award they recite judgments, executions, and award of and upon the premises that the defendant should pay a sum of money to the plaintiff, and the parties execute mutual releases of all matters, actions, *suits,* cause and causes of action, bonds, bills, covenants, controversies and *demands whatsoever.* It would therefore seem, that the judgment in the suit of May term 1815, No. 77, brought by the plaintiff against the defendant, was comprehended within the submission and award, and consequently the plaintiff was not authorized to collect the balance of that judgment by execution in 1825, and also to recover it a second time in this suit. If she has already recovered the balance by execution, it was evidence

[Kauffman v. Myer.]

under the plea of payment, that so much money was received by the plaintiff, for which she should give credit in this suit on the award, or under the special plea, to show that the plaintiff had disabled herself from complying with the award ordering her to execute a general release of all demands, &c., and therefore is not entitled to recover the money awarded. The court, therefore, erred in rejecting the evidence contained in the defendant's first bill of exceptions.

The defendant's second offer was rightly rejected, because it was an endeavour to set off unliquidated damages arising from an alleged tort.

On the other points, the admission of the bond and award, we are of opinion they were rightly admitted.

Judgment reversed, and a *venire facias de novo* awarded.